Michael S. Morrison
mmorrison@amfllp.com
ALEXANDER MORRISON + FEHR, LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone (310) 394-0888
Facsimile  (310) 394-0811

Logan A. Pardell* (to seek admission *pro hac vice*)
lpardell@pkglegal.com
PARDELL, KRUZYK & GIRIBALDO, PLLC
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Telephone (561) 447-8444
Facsimile  (877) 453-8003

*Counsel for Plaintiffs and the Putative Collective*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Taryn Sacchitella and Christina Smith, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>Center for Autism and Related Disorders, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT FOR UNPAID OVERTIME WAGES PURUANT TO THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

Taryn Sacchitella and Christina Smith ("Plaintiff") file this Collective Action Complaint against Defendants, Center for Autism and Related Disorders, LLC ("CARD"), and DOES 1 through 10, inclusive (collectively, "Defendants") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA") on behalf of themselves and all current and former exempt-classified Operations Managers ("OMs") who worked at any of Defendants' locations in the United States at any time from May 24, 2020, and the date of final judgment of this matter ("Putative Collective Members"). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others:

## NATURE OF THE ACTION

1. Plaintiffs allege, on behalf of themselves and the Putative Collective Members who will opt into this action pursuant to the FLSA, that they and other OMs are entitled to: (i) unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, (ii) liquidated damages under the FLSA, and (iii) reasonable attorneys' fees and costs of this action.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1337.

3. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. CARD is subject to personal jurisdiction in California.

5. CARD maintains places of business in California.

6. Venue is proper in the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. § 1391 because CARD is a resident of this District and maintains its principal place of business in this District.

# PARTIES

*Plaintiffs*

## Taryn Sacchitella

7. Plaintiff Taryn Sacchitella ("Sacchitella") was, at all relevant times, an adult individual residing in Portland, Oregon.

8. During all relevant times, Sacchitella was employed by Defendants as an OM from on or about July 2018 until on or about September 2020, at CARD's office in Portland, Oregon.

9. During her employment as an OM, Sacchitella regularly worked 50 to 60 hours per week, or more.

10. As just one example, during the week of June 8, 2020, Sacchitella worked at least 50 hours.

11. Sacchitella did not receive overtime pay during her employment as an OM.

12. Sacchitella's written consent to join this action is attached hereto as Exhibit A.

## Christina Smith

13. Plaintiff Christina Smith ("Smith") was, at all relevant times, an adult individual residing in Vacaville, California, and Tigard, Oregon.

14. During all relevant times, Smith was employed by Defendants as an OM from on or about January 2020 until on or about September 2021, at CARD's offices in Vacaville, California and Tigard, Oregon.

15. During her employment as an OM, Smith regularly worked 50 to 60 hours per week, or more.

16. As just one example, during the week of June 7, 2021, Smith worked at least 50 hours.

17. Smith did not receive overtime pay during her employment as an OM.

18. Smith's written consent to join this action is attached hereto as Exhibit B.

*Defendants*

19. CARD is a California corporation that is headquartered in Garden Grove, California.

20. The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sues Defendants by such fictitious names. Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Collective Action Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known. As such, CARD and the DOE Defendants shall be referred to collectively as "Defendants."

21. Defendants provide assessment and treatment for individuals with autism at its office locations nationwide.

22. Defendants directly or indirectly employ OMs in approximately 130 locations across multiple states, including California.[1]

23. At all times relevant, Defendants have been employers within the meaning of § 203(d) of the FLSA. 29 U.S.C. § 203(d).

24. At all times relevant, Defendants have been enterprises within the meaning of § 203(r) of the FLSA. 29 U.S.C. § 203(r).

25. At all times relevant, Defendants have been enterprises engaged in commerce or the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA because Defendants have had employees engaged in

---

[1] See https://centerforautism.com/locations/ (last visited May 23, 2023).

commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

26. Defendants have had, and still has, a gross volume of sales made or business done of not less than $500,000.00.

27. At all times relevant, Plaintiffs and Putative Collective Members have been engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

28. Defendants issued paychecks to Plaintiffs and Putative Collective Members during their employment.

29. Defendants directed the work of Plaintiffs and Putative Collective Members, and benefited from work performed that it suffered or permitted from them.

30. Plaintiffs and Putative Collective Members worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA.

31. Pursuant to Defendants' policies and patterns or practices, Defendants did not pay Plaintiffs and Putative Collective Members proper overtime wages for hours they worked for its benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

32. Consistent with Defendants' policies and patterns or practices, Plaintiffs and Putative Collective Members regularly work in excess of 40 hours per workweek without being paid overtime wages.

33. Plaintiffs and Putative Collective Members perform the same or substantially similar primary job duties.

34. Although labeled as "managers," Plaintiffs and Putative Collective Members are not primarily responsible for true management functions.

35. To the contrary, Plaintiffs and Putative Collective Members spent (or spend) the vast majority of their workdays performing non-exempt job functions such as answering phones, scheduling patients' appointments, giving tours of the facility, checking in patients, accepting payments, submitting prior authorizations, and basic clerical work.

36. Defendants staff their centers leanly to minimize labor costs. As such, Plaintiffs and Putative Collective Members are the only non-clinical employees staffed at their centers.

37. Thus, Defendants rely heavily on Plaintiffs and Putative Collective Members to handle all sales and customer service job functions at the center.

38. Therefore, Plaintiffs and Putative Collective Members regularly work in excess of 40 hours per workweek.

39. Plaintiffs' and Putative Collective Members' primary duties do not differ substantially from the duties of non-exempt hourly paid administrative employees.

40. Plaintiffs' and Putative Collective Members' primary job duties do not include: hiring employees, firing employees, setting employees' rates of pay, scheduling other employees, or disciplining other employees.

41. Plaintiffs and Putative Collective Members do not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

42. Plaintiffs and Putative Collective Members are closely supervised by their managers, corporate-level employees, and Defendants' policies and procedures define and circumscribe Plaintiffs' and Putative Collective Members' work.

43. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendants classify all OMs as exempt from coverage of the overtime provisions of the FLSA and applicable state laws.

44. Thus, Plaintiffs and Putative Collective Members have not been paid overtime for the overtime hours that they regularly work.

45. Defendants have not performed a person-by-person analysis of every OM's job duties when making the decision to classify all of them (and other employees holding comparable positions but different titles) as exempt from the FLSA's overtime protections, as well as the protections of applicable state laws.

46. Upon information and belief, Defendants' unlawful conduct described in this Collective Action Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

47. Defendants' failure to pay overtime wages for work performed by Plaintiffs and Putative Collective Members in excess of 40 hours per workweek has been willful because Defendants knew or should have known Plaintiffs and Putative Collective Members do not qualify for any particular exemption under the FLSA and, nevertheless, chose not to pay them overtime wages.

48. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## FLSA COLLECTIVE ALLEGATIONS

49. Defendants are liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiffs and Putative Collective Members.

50. There are numerous similarly situated current and former OMs (and other employees holding comparable positions, but different titles) who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Putative Collective Members pursuant to 29 U.S.C. § 216(b).

51. Those similarly situated employees are known to Defendants, are readily identifiable and can be located through Defendants' records.

52. Plaintiffs and Putative Collective Members, all of whom regularly worked more than 40 hours in a workweek, were or are employed as OMs by Defendants at their office locations.

53. Defendants have failed to pay Plaintiffs and Putative Collective Members overtime compensation for the hours they have worked over 40 in a workweek.

54. Defendants have failed to keep accurate records of all hours worked by Plaintiffs and Putative Collective Members.

55. Throughout the relevant period, it has been Defendants' policy, pattern, or practice to require, suffer, or permit Plaintiffs and Putative Collective Members to work in excess of 40 hours per workweek without paying them overtime wages for all overtime hours worked.

56. Defendants assigned the work that Plaintiffs and Putative Collective Members have performed, or Defendants have been aware of the work they performed.

57. The work performed Plaintiffs and Putative Collective Members constitutes compensable work time under the FLSA and is not preliminary, postliminary, or *de minimus*.

58. Defendants are aware, or should have been aware, that the FLSA requires them to pay Plaintiffs and Putative Collective Members an overtime premium for hours worked in excess of 40 hours per workweek.

59. Defendants have intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to Plaintiffs and Putative Collective Members, which policy, pattern or practice was authorized, established, promulgated, or ratified by Defendants' corporate headquarters. This policy, pattern or practice includes but is not limited to:

    a.    willfully failing to record all of the time Plaintiffs and Putative Collective Members have worked for the benefit of Defendants;

b.     willfully failing to keep accurate time records as required by the FLSA;

c.     willfully failing to credit Plaintiffs and Putative Collective Members for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

d.     willfully failing to pay Plaintiffs and Putative Collective Members wages for all hours worked including overtime wages for hours in excess of 40 hours per workweek.

## FIRST CAUSE OF ACTION

**Fair Labor Standards Act: Unpaid Overtime Wages**

**Brought on Behalf of Plaintiffs and Putative Collective Members**

60. Plaintiffs and Putative Collective Members reallege and incorporate by reference all prior paragraphs as if they were set forth again herein.

61. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

62. Plaintiffs and Putative Collective Members have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

63. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq*. apply to Defendants.

64. At all relevant times, Plaintiffs and Putative Collective Members have been engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

65. Defendants are employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66. At all times relevant, Plaintiffs and Putative Collective Members have been employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

67. Defendants have failed to pay Plaintiffs and Putative Collective Members the overtime wages to which they are entitled under the FLSA.

68. Defendants' violations of the FLSA, as described in the Collective Action Complaint, have been intentional and willful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and Putative Collective Members.

69. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as may be tolled by equity or agreement of the parties.

70. As a result of Defendants' violations of the FLSA, Plaintiffs and Putative Collective Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

71. As a result of the unlawful acts of Defendants, Plaintiffs and Putative Collective Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated Putative Collective Members, pray for the following relief:

A. At the earliest possible time, conditionally certify the Putative Collective and allow Plaintiffs to give notice of this collective action, or the Court issue such notice, informing all similarly situated OMs of the nature of this action and of their right to join this lawsuit;

B. Certification of the collective consisting of Plaintiffs and all similarly situated OMs;

C. Designation of Plaintiffs as representatives of the Putative Collective, and counsel of record as Class Counsel;

D. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq*. and the supporting United States Department

of Labor regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

  E. Pre-judgment interest and post-judgment interest, as provided by law;

  F. Attorneys' fees and costs of the action, including expert fees;

  G. Payment of service awards to Plaintiffs, in recognition of the services they have rendered, and will continue to render, to the Collective; and

  H. Such other relief as this Court deems just and proper.

## TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Dated: May 24, 2023    **Alexander Morrison + Fehr, LLP**

            By: /s/ Michael S. Morrison

            Michael S. Morrison
            mmorrison@amfllp.com
            1900 Avenue of the Stars, Suite 900
            Los Angeles, California 90067
            Telephone (310) 394-0888
            Facsimile (310) 394-0811

            **Pardell, Kruzyk & Giribaldo, PLLC**
            Logan A. Pardell* (to seek admission *pro hac vice*)
            433 Plaza Real, Suite 275
            Boca Raton, FL 33432
            Telephone (561) 726-8444
            Facsimile (877) 453-8003
            lpardell@pkglegal.com

            Counsel for Plaintiffs and the Putative Collective Members

# EXHIBIT A

**CONSENT TO JOIN FORM**

      1.     I consent to be a party plaintiff in a lawsuit against Defendant(s), Center for Autism and Related Disorders, Inc., and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.     I hereby designate Pardell, Kruzyk & Giribaldo, PLLC, to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.     I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_Taryn Sacchitella (Nov 21, 2022 17:42 PST)_
Signature

Taryn Sacchitella
Print Name

**EXHIBIT "B"**

**CONSENT TO JOIN FORM**

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), Center for Autism and Related Disorders, Inc., and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate Pardell, Kruzyk & Giribaldo, PLLC, to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_Christina Smith (Apr 13, 2023 19:44 PDT)_
Signature

Christina smith
Print Name